IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEVIN M. FISHER, #319256       *
          Plaintiff
                          *

   v.       CIVIL ACTION NO. DKC-09-292
                          *

COMMISSIONER OF CORRECTIONS AND
  PUBLIC SAFETY       *
          Defendant
                          ***

**MEMORANDUM OPINION**

On February 9, 2009, the court received this civil rights complaint filed pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive damages. Counsel for Defendant has filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (*see* Paper No. 14), which shall be treated as a motion for summary judgment. The dispositive motion remains unopposed as of the within signature date.[1] No hearing is needed to resolve the question as to whether Plaintiff is entitled to money damages in this case. *See* Local Rule 105.6 (D. Md. Dec. 2009).

**Factual Background**

Plaintiff states that he was sentenced to five years for kidnapping and has three other sentences running consecutive to each other but concurrent to the five-year sentence. He claims that these sentences are not considered violent for purposes of awarding double-celling special project credits ("SPC"). Plaintiff complains that case management staff informed him that his "sentence would remain a violent offense even after he had served the five years for the kidnapping." He opines that this decision violates the *Ex Post Facto* Clause, arguing that case management staff have increased his sentence by making his aggregate ten-year term a classified violent offense, even

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on June 16, 2009, the court notified Plaintiff that: Defendant had filed a dispositive motion; he was entitled to file opposition materials; and his failure to file an opposition or to show a genuine dispute of material fact would result in the dismissal of his case. Paper No. 15.

though he has already completed the kidnapping or "violent portion" of his sentence. Paper No. 1.

Defendant seeks dismissal of the Complaint, arguing that: (1) there are no allegations of his personal involvement in the alleged violation; (2) he is entitled to qualified immunity; and (3) he is entitled to judgment as a matter of law. Paper No. 14.

According to the undisputed facts Plaintiff is serving a ten-year term of confinement that began on December 22, 2003, and ends on December 22, 2013. Paper No. 14, Ex. 1 (Gough Aff.) at Attachment A. On March 2, 2004, the Circuit Court for Queen Anne's County imposed a ten-year sentence, with all but five years suspended for second-degree assault and a consecutive twenty-year sentence with all but five years suspended for resisting arrest. *Id*. Attachment B. The Circuit Court ordered that the total time to be served was ten years, commencing on December 22, 2003, to run concurrent with any other outstanding or unserved sentence. Defendant states that the sentences have a maximum expiration date of December 22, 2013, under Md. Code Ann., Corr. Servs. § 3-701(a)(2).

On June 22, 2004, the Circuit Court for Anne Arundel County sentenced Plaintiff to twenty years imprisonment on a kidnapping conviction, with all but five years suspended, commencing on December 16, 2003. *Id*., Attachment C. The commitment order notes that this sentence was to run concurrent with any other outstanding or unserved sentence.

Next, on December 13, 2004, the Circuit Court for Calvert County sentenced Plaintiff on a first-degree burglary conviction to a five-year term with all but three years suspended, consecutive to the sentence he was then serving in the Division of Correction ("DOC"). *Id*., Attachment D. At the time this sentence was imposed, Plaintiff was serving his five-year sentence for assault imposed in the Circuit Court for Queen Anne's County. Defendant states that the expiration date for the burglary sentence is December 22, 2010.

2

Defendant states that until June 22, 2004, Plaintiff's term of confinement did not include a sentence that disqualified him from earning ten GCC per month. He argues that Plaintiff's five-year sentence for kidnapping is a disqualifying term as it is considered a crime of violence under the applicable Maryland statute. Therefore, Defendant claims that Plaintiff is only allowed to receive five GCC per month because his term of confinement includes a sentence for kidnapping.

As of May 31, 2009, Plaintiff had earned 588 GCC and no double-celling credits. Paper No. 14, Attachment E. Further, he had been awarded 107 SPC, 62 educational credits, and 100 industrial credits. Finally, he had been awarded ten GCC for time spent in the custody of a local detention facility, resulting in a net total of 867 diminution of confinement credits awarded. As of May 31, 2009, his projected mandatory supervision release date was August 8, 2011.

### Standard of review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing

3

that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

**Analysis**

Under Md. Code Ann., Corr. Servs. §§ 3-701 to 3-711, an inmate confined in the DOC is allowed to earn diminution credits to reduce the length of his or her incarceration under his term of confinement. Defendant claims that Plaintiff, like other DOC inmates, was allowed a mandatory deduction of good conduct credits ("GCC") in advance of his term of confinement (off the top), subject to future good behavior. *See* Corr. Servs. § 3-704(a).

Effective October 1, 1992, inmates serving terms of confinement in the DOC, excluding those whose term of confinement included a consecutive or current sentence for a crime of violence (as defined under Md. Code. Ann., Crim. Law § 14-101(3)) or a crime involving the manufacturing, distributing, dispensing, or possessing a controlled dangerous substance, were allowed GCC at a

4

rate of ten days per month over the terms of their confinement.  *See* Corr. Servs. § 3-704(b)(1). Inmates convicted of disqualifying crimes of violence or drug crimes under applicable Maryland law remained eligible to earn GCC at the rate of five days per month of the terms of their confinement.[2]

*In Smith v. State*, 140 Md. App. 445, 456-463, 780 A.2d 1199, 1206-1210 (Md. App. 2001), the Maryland Court of Special Appeals held that when a Maryland inmate's term of confinement has both qualifying and disqualifying sentences, the DOC must permit the inmate to earn double-celling credits during any portion of the term in which the inmate is serving the qualifying sentence. Defendant maintains that in response to *Smith,* the Maryland Department of Public Safety and Correctional Services ("DPSCS") amended its regulations on January 1, 2002, to provide that an inmate whose term of confinement includes a disqualifying offense is ineligible to receive double-celling credits over any portion of the term of confinement.  *See* Code of Maryland Regulations ("COMAR") 12.02.06.04 at Paper No. 14, Ex. 2.  In *Sec'y Dep't. of Public Safety and Corr. Servs. v. Demby*, 390 Md. 580, 590, 890 A.2d 310, 316 (Md. 2006),  the Court of Appeals of Maryland

---

[2]  Under Corr. Serv. § 3-707,  inmates in the custody of the DOC may earn diminution credits of up to ten days for participating in special selected work or other programs which have been designated by the Commissioner.  These are referred to as special project credits ("SPC").  Being housed under certain types of conditions has been designated for SPC entitling those subjected to those conditions to receive an additional five days SPC per month.  *See* Code of Maryland Regulations ("COMAR") 12.02.06.05N at Paper No. 14, Ex. 2.  The conditions under which a prisoner ordinarily may be eligible for the credits are: voluntarily being double celled; being double celled in an institution which is under a court order to provide single cells or has a court imposed population cap which is exceeded; being double celled in a prison where the number of double cells exceeds the single cell design capacity; or being housed in a dormitory which does not provide for 55 square feet of living space per inmate.  *See* COMAR 12.02.06.05N(2).  These are referred to as housing credits or double-celling credits.  The regulation designating certain housing for special project credits also provides that prisoners serving a term of confinement that includes sentences for certain types of convictions are **not** eligible for the credits even if they are housed in an area that meets the criteria.  Prisoners serving sentences for murder, rape, sex offenses, child abuse, drug trafficking or distribution, use of a firearm in the commission of a felony, a mandatory sentence for the commission of a felony, or a sentence as a repeat offender under Md. Ann. Code Art. 27, § 643B are not eligible for the credits.  *See* COMAR 12.02.06.05N(1).

held, however, that inmates serving a term of confinement for an offense committed prior to the January 1, 2002 effective date of the COMAR amendments may not be denied double-celling credits for periods of time during which he or she was or is serving only an eligible sentence, for the sole reason that another sentence in his or her term of confinement is ineligible, and may not be denied double-celling credits on sentences for offenses that were eligible under the former regulation but are ineligible under the current regulation. Defendant asserts that Plaintiff has and will receive appropriate credit for the period December 13, 2004 to December 22, 2010, when he is serving time for the burglary committed in 2000.

Plaintiff raises an *ex post facto* challenge to the application of Maryland statute and regulations which deny double-celling SPC diminution credits to prisoners who have been convicted of crimes of violence. "[T]he constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood,* 497 U.S. 37, 41, (1990). In *California Depart of Corrections v. Morales,* 514 U.S. 499 (1995), the Court held that the focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of "disadvantage," nor ... on whether an amendment affects a prisoner's "opportunity to take advantage of provisions for early release," but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable. *Id.* at 506 n. 3 (citation omitted).

Plaintiff is not eligible to earn credits at the higher rate on any sentence in his term of confinement because his term of confinement includes a sentence for a crime of violence. In this case, changes to DOC policies do not have the effect of making more burdensome the punishment established at the time of Plaintiff's offense for which he is currently incarcerated. In any event, Plaintiff received the appropriate credit for the time he is serving for the 2000 burglary offense and

the 2002 amendments to COMAR were prospectively applied to Plaintiff's 2004 sentences and did not increase his punishment for any of his crimes or lengthen his period of incarceration.

## Conclusion

Given the foregoing, Defendant is entitled to summary judgment. A separate Order shall be entered in accordance with this Memorandum Opinion.


Date:   December 3, 2009                     _____/s/_____
                                             DEBORAH K. CHASANOW
                                             United States District Judge